STAM & GRUMME *v.* ALEXANDER KERR.

A creditor who receives the bill of exchange of his debtor as a conditional pay-
ment of his debt, is bound to give notice to the debtor of the dishonor of the
bill, if it be not paid at maturity; and if he fail to do so, and do not return the
bill, the payment will become absolute. See Story on Bills, § 109.

IN error from the Circuit Court of Yazoo county.   Hon. E. G.
Henry, judge.

The defendant in error sued the plaintiffs in error, in assumpsit,
for the recovery of a promissory note, executed by the defendant,
for $132.   The plaintiffs in error pleaded payment, and on the
trial, the answer of Kerr to the bill of discovery, filed by Stam,
was read to the jury.   The bill charged that the defendant, Stam,
had given to the plaintiff his bill of exchange on one J. H. Bell,
for the amount, and in payment of the note sued on, and that
he had no notice of its non-payment, and had had a settlement
with Bell, in which he left the amount of the bill in his hands.

The answer of Kerr admitted the giving and receiving of the
bill of exchange, but denied that it was in absolute payment of the
note sued on; but that it was expressly agreed between the parties,
it should only be considered as a payment in the event that the
bill was paid on presentation.   That it had been presented, and
accepted by Bell, but was not paid; and that he now had the bill
in his possession for defendant's benefit.

This was all the evidence in the case.

The court instructed the jury, that "If they believed, from the
evidence, that the agreement between Stam and the plaintiff, when
he took the draft on Bell, was, that if paid on presentation, it was
to be payment of the note sued on; and that it was not paid but
accepted, and the draft held by plaintiff, and not returned nor of-
fered to be returned to Stam; and that Stam was not notified of
non-payment, the law is for defendant."

The plaintiffs below had verdict and judgment.   The defendant
moved for a new trial, which was overruled, and to the action of
the court they took their bill of exceptions.

*Gibbs* and *Bowman*, for plaintiffs in error,

Insisted, that although the bill was given as a conditional payment of the debt, yet, the plaintiff, by his *laches* in failing to give notice of its non-payment, had made the bill his own, and the payment had become absolute. See Story on Bills, § 109, and authorities there cited, and *Dayton* v. *Trull*, 23 Wendell, Rep. 345.

*Geo. B. Wilkinson*, for defendant in error,

Contended, that the payment was conditional, and not absolute, and that the verdict did substantial justice between the parties; and that the court would not, in cases of this sort, grant a new trial. See *Barmigu* v. *Nesbit*, 1 S. & M. 22; *Leflore* v. *Justice*, Ib. 381.

FISHER, J., delivered the opinion of the court.

The plaintiff below brought this action in the Circuit Court of Yazoo county, to recover the amount of a note made by the defendants. The defence set up was, that the note had been paid by a domestic bill of exchange, drawn by one of the defendants, in favor of the plaintiff, on one James H. Bell, and which was by him accepted. The testimony to sustain this defence consisted of a bill of discovery, by the defendants, and answer thereto by the plaintiff. It was alleged in the bill, that the bill of exchange on Bell had been given by one of the defendants, as above stated; that Bell had accepted the same; that the defendant, since the said acceptance, had a settlement with Bell, and had left the amount in his hands. The answer denies that the bill was received as an absolute payment of the note, but that it was only to be a payment in the event of its being paid on presentment to Bell.

Upon this state of case the jury found a verdict for the plaintiff below, for the amount of the note and interest; and the court refused, upon motion, to set aside the verdict, and to grant a new trial.

The bill, under any view of the case, was received as a conditional payment of the note; and the plaintiff, while he continued to be the holder, was bound to use due diligence to collect it from

the acceptor, and to give notice of its dishonor to the drawer. Story on Bills, § 109. Nor could he return the bill and prosecute his action under the circumstances, on the note; and the court indeed, so instructed the jury; but that instruction they appear to have disregarded. The defendant was entitled to notice of the dishonor of the bill, that he might not be induced to do what was done in this instance, to wit; to leave funds in the hands of the acceptor, with which to pay the bill.

Judgment reversed, new trial granted, and cause remanded.